# In the United States Court of Federal Claims

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**CLIFFORD L. FINCH et al.**,  \*
 \*
For Themselves as Representatives  \*
of a Class of Similarly Situated  \*
Persons  \*
 \*
                   **Plaintiffs**,  \*    Nos. 12-92L; 12-9203L; 12-9204L
      v.  \*    Filed: July 24, 2015
 \*
**UNITED STATES**,  \*
 \*
                   **Defendant.**  \*
 \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## O R D E R

On September 30, 2014, the court granted the parties' Joint Motion for Approval of Notice to Class Members Regarding Proposed Class Action Settlement. On October 28, 2014, this court held a fairness hearing at the United States District Court for the Eastern District of Arkansas.

On November 21, 2014, the court issued an Order instructing the Clerk of the Court to enter a judgment in the following amounts: $2,020,120.06 in principal and $294,000.00 for reimbursement of attorneys' fees and costs pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. The court indicated that, the plaintiffs would receive interest on the principal at a 3.75% interest rate, and compounding annually for the period between November 19, 2010 and the date of payment. The court also awarded class counsel attorneys' fees in the amount of $820,140.36, or a 35% fee of the award, excluding statutory attorneys' fees. On November 24, 2014, the Clerk of the Court entered judgment consistent with the court's Order.

On January 22, 2015, defendant filed its notice of appeal of the court's decision to the United States Court of Appeals for the Federal Circuit. On April 29, 2015, the Federal Circuit issued a mandate dismissing defendant's appeal after the defendant filed an unopposed motion to withdraw its appeal. Within a week of the mandate, plaintiffs filed in this court a motion to enforce the judgment. Plaintiffs alleged that "[o]n April 24, 2015, and then again on May 5, 2015, Class Counsel asked current counsel for the government when the Class Members could expect payment from the Judgment Fund. Based on counsel for the government's response, it appears that, at best, the government does not intend to make payment for another 9-11 weeks (i.e., approximately 11-13 weeks after the government's dismissal of its appeal)." Plaintiffs argued that "this timeframe is

unacceptable. The government has withheld payment to these landowners for no good reason for more than 3 months, and now has the audacity to force them to wait an additional 11-13 weeks for payment." In response, defendant argued "there has been no breach of any term of the parties' settlement, nor has there been any undue delay in the submission of the Judgment for payment," and claims that "[t]he Judgment was not final and eligible for payment until after the dismissal of the appeal, which occurred on April 29, 2015, and Defendant received only last week all required information from Plaintiffs needed to submit the Judgment to the Department of the Treasury for payment." In a May 13, 2015 Order, the court indicated "there has not been a breach of the settlement and further, there has not been an undue delay in the submission of the judgment to the Judgment Fund." In the interest of keeping the plaintiffs informed about the status of the judgment, the court ordered defendant to file a status report on May 20, 2015, "and every other week thereafter, updating the plaintiffs and the court of the progress defendant has made in submitting the judgment to the Judgment Fund at the Department of the Treasury for payment, and an estimated time frame for payment to the plaintiffs." Defendant, however, has failed to file the five required status reports, and has not offered an explanation for why the status reports have not been filed.

On July 1, 2015, the parties filed a joint motion to vacate and amend the November 24, 2014 judgment. The parties indicate in their motion that because "3 of the 183 remaining plaintiffs have not provided social security numbers or tax identification numbers, and the government asserts that payment cannot be made until information is received from all parties, the parties ask the Court to enter separate judgment applicable to the 181 responsive plaintiffs, and then two others for the non-responsive plaintiffs." In the defendant's portion of the joint motion, the defendant indicates that:

> Three of the 183 plaintiffs, the Estate of Charlie and Betty Kelley and Kelly's Upholstery (the "Kelley Plaintiffs") and Cindy Uhrich-Northcutt, have thus far been unable or unwilling to provide to counsel for the United States necessary information for the Treasury to process and issue payments. Plaintiffs' counsel represents that he has made several attempts to obtain the information from each of the three plaintiffs. However, because the United States has not received the necessary social security numbers or tax identification numbers, Treasury has been unable to process final payments to the 183 plaintiffs.

In the plaintiffs' portion of the filing, "Plaintiffs state that they concur with the procedural route suggested by the United States to carve out the three plaintiffs that have not yet provided the requested information, so that the 181 other plaintiffs can be paid. Plaintiffs will continue to attempt to obtain the requested information from the three remaining plaintiffs, and hopefully resolve their claims without need of Court assistance."

Therefore, "the parties ask that one amended judgment provide for just compensation and full attorney's fees and costs to be payable to the 181 responsive plaintiffs. The parties ask that two additional judgments be entered for the Kelley Plaintiffs and Cindy Uhrich-Northcutt, which provide only for just compensation awards payable to

each of the remaining plaintiffs." The parties' joint motion to vacate and amend the November 24, 2014 judgment is **GRANTED**. The Clerk of the Court shall **VACATE** the November 24, 2014 judgment.

The claims associated with Estate of Charlie & Betty Kelley and Kelley's Upholstery are, hereby, **SEVERED** from the case of <u>Clifford L. Finch, et al. v. United States</u>, Case No. 12-92L, and shall be reorganized, for case management purposes, into the above-captioned case, <u>Estate of Charlie & Betty Kelley, et al. v. United States</u>, and assigned Case No. 12-9203L. The Clerk of the Court shall enter **JUDGMENT** in the amount of $6,977.04, plus interest at 3.75% compounded annually for the period between November 19, 2010 and the date of payment, for Estate of Charlie & Betty Kelley and $12,196.80 plus interest at 3.75% compounded annually for the period between November 19, 2010 and the date of payment, for Kelley's Upholstery. Moreover, the claims associated with Cindy Uhrich-Northcutt are, hereby, **SEVERED** from the case of <u>Clifford L. Finch, et al. v. United States</u>, Case No. 12-92L, and shall be reorganized, for case management purposes, into the above-captioned case, <u>Cindy Uhrich-Northcutt v. United States</u>, and assigned Case No. 12-9204L. The Clerk of the Court shall enter **JUDGMENT** in the amount of $4,275.00, plus interest at 3.75% compounded annually for the period between November 19, 2010 and the date of payment.

For the remaining 181 plaintiffs in the case of <u>Clifford L. Finch, et al. v. United States</u>, Case No. 12-92L, the Clerk of the Court shall enter **JUDGMENT** in the following amounts: $1,996,671.22 in principal and $294,000.00 for reimbursement of attorneys' fees and costs pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. Additionally, the remaining 181 plaintiffs shall receive interest on the principal at a 3.75% interest rate, and compounding annually for the period between November 19, 2010 and the date of payment. Class counsel is awarded attorneys' fees in the amount of $820,140.36, or a 35% fee of the award, excluding statutory attorneys' fees.

s/Marian Blank Horn<br>
**MARIAN BLANK HORN**<br>
**Judge**